USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/10/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

United States of America,

v.

Anastasios Vertouris,

*Defendant.*

~~[PROPOSED]~~
**PROTECTIVE ORDER**

**S1 20 Cr. 79 (RMB)**

Upon the application of the United States of America and consent of the defendant, the Court hereby finds and orders as follows:

**WHEREAS,** the Government intends to disclose to the defendant documents, objects, and/or information pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases (collectively, "Disclosure Material");

**WHEREAS,** the Government's Disclosure Material may include sensitive information that (*i*) affects the privacy, confidentiality, or business interests of individuals and entities; and (*ii*) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case; and

**WHEREAS,** the entry of a protective order in this case will permit the Government expeditiously to produce additional Disclosure Material without further litigation or the need for substantial redactions, and will afford the defendant prompt access to such materials, in substantially unredacted form, which will facilitate the preparation of the defense;

**IT IS HEREBY ORDERED:**

1.  There is good cause for entry of a protective order and the provisions set forth herein.

2.  Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel (collectively, "the defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this action.

3.  All Disclosure Material possessed by the defense shall be maintained in a safe and secure manner.

4.  Disclosure Material may be disclosed by the defense to:

    a.  The defendant;

    b.  The following persons (hereinafter, "Designated Persons"):

        i.  investigative, paralegal, secretarial, clerical, and other personnel employed or retained by defense counsel;

        ii. independent expert witnesses, investigators, or advisors retained by defense counsel in connection with this action; and

    c.  such other persons as hereafter may be authorized by the Court.

All Designated Persons to whom Disclosure Material is disclosed in accordance with this provision shall be subject to the terms of this Order. To the extent Disclosure Material is disclosed to any Designated Persons, defense counsel shall first provide each Designated Person with a copy of this Order and instruct such Designated Person(s) that they are bound by the terms of this Order. Defense Counsel shall make reasonable efforts to maintain a record of what Disclosure Material has been disclosed to Designated Persons pursuant to this Order.

5.  Defense counsel may show Disclosure Material to potential witnesses ("Potential Witnesses") during the course and for the purpose of investigation, but shall not disseminate

2

Disclosure Material to Potential Witnesses or permit Potential Witnesses to make or retain copies of Disclosure Material. To the extent Disclosure Material is disclosed to Potential Witnesses, defense counsel shall first instruct each Potential Witness as to the terms of this Order and instruct such Potential Witness(es) that they are bound by the terms of this Order. Defense counsel shall make reasonable efforts to maintain a record of what Disclosure Material has been disclosed to Potential Witnesses pursuant to this Order.

6. The defense shall not post any Disclosure Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media or any third party except as set forth herein. This provision shall not prevent the filing of Disclosure Material for purposes of any judicial proceeding.

7. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order. The Government shall have sole discretion to determine whether to authorize any such disclosure.

8. Notwithstanding any provision to the contrary, this Order does not prevent the disclosure of any Disclosure Material in any judicial proceeding in this action, or to any judge or magistrate judge, for purposes of this action. All public filings shall separately comply with the privacy protection provisions of Federal Rule of Criminal Procedure 49.1.

9. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government, or securely destroy or delete, all Disclosure Material within thirty (30) days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

10. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order until the Court orders otherwise.

11. This Order may be signed in counterparts and transmitted by facsimile and/or electronic copy, each of which counterparts will be deemed to be an original and which taken together will constitute the Order.

**AGREED AND CONSENTED TO:**

AUDREY STRAUSS
United States Attorney
Southern District of New York

By: _Samuel P. Rothschild_        Date:   <u>January 26, 2021</u>

Tara M. La Morte
Samuel P. Rothschild
Robert B. Sobelman
Assistant United States Attorneys

ANASTASIOS VERTOURIS

By: _____        Date:   FEB 8, 2021

Arthur Aidala, Esq.
Counsel for Defendant

**SO ORDERED:**

Dated: New York, New York
     **Feb. 10** , 2021

_Richard M. Berman_

THE HONORABLE RICHARD M. BERMAN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

4